UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHING CHING CHENG,

Plaintiff,

v.

ERASCA, INC., et al.,

Defendants.

Case No.: 26-cv-03481-AJB-JLB

**ORDER GRANTING MOTION OF WILLIAM AND MARIA THORNHILL FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL AND DENYING MOTION OF DAVID YOUNGLOVE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL**

(Doc. Nos. 11; 12)

Before the Court are (1) the Motion of William and Maria Thornhill for Appointment as Lead Plaintiffs and Approval of Lead Counsel (Doc. No. 11) and (2) the Motion of David Younglove for Appointment as Lead Plaintiff and Approval of his Choice of Lead Counsel (Doc. No. 12). The motions are fully briefed. (Doc. Nos. 11; 12; 17; 19; 20.) Pursuant to Civil Local Rule 7.1.d.1., the Court finds these matters suitable for disposition without oral argument.

The Court **GRANTS** the Motion of William and Maria Thornhill and **DENIES** the Motion of David Younglove for the following reasons.

## I. BACKGROUND

On June 10, 2026, Plaintiff Ching Ching Cheng ("Cheng"), represented by Block & Leviton LLP, initiated this putative securities fraud class action. (Doc. No. 1 ¶ 1.) This action is brought

> on behalf of a class of all persons and entities who purchased or otherwise acquired Erasca common stock from January 14, 2025 through April 26, 2026, inclusive. Excluded from the Class are Defendants and their families, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

(*Id.* ¶ 47.)

On August 10, 2026, William and Maria Thornhill (the "Thornhills"), represented by Block & Leviton LLP, moved to be appointed as lead plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for the Court's approval of Block & Leviton as lead counsel. (Doc. No. 11 at 2.)

On the same day, David Younglove ("Younglove"), represented by Bernstein Liebhard LLP and Bragar Eagel & Squire, P.C., also moved to be appointed as lead plaintiff and for the Court's approval of Bernstein Liebhard LLP as lead counsel and Bragar Eagel & Squire, P.C. as liaison counsel. (Doc. No. 12 at 2.)

## II. LEGAL STANDARD

The PSLRA requires that a district court "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining which member or members are most capable of representing the interests of class members, a district court "shall adopt a presumption that the most adequate plaintiff" is the person or group that (a) has either filed the complaint or moved for appointment as lead plaintiff, (b) "has the largest financial interest in the relief sought by the class," and (c) otherwise satisfies the requirements of Federal Rule of civil Procedure 23. *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc).

There is a three-step process to determine the most appropriate lead plaintiff under the PSLRA. *In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002). First, the plaintiff that files a complaint must publicize the action in a "widely circulated national business-oriented publication or wire service" within 20 days of filing the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the district court determines the presumptive lead plaintiff by assessing the financial losses suffered by those seeking appointment as the lead plaintiff. *Cavanaugh*, 306 F.3d at 730.

> In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."

*Id.* If the plaintiff with the "largest financial stake in the controversy provides information that satisfies these requirements," that plaintiff becomes the "presumptively most adequate plaintiff." *Id.* Third, the district court will provide other moving plaintiffs the "opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

Following the appointment of a lead plaintiff, the PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III. DISCUSSION

### A. Motions to Appoint Lead Plaintiff(s)

Cheng did not file a motion to be appointed as lead plaintiff. Instead, on August 10, 2026, his counsel filed a motion to appoint the Thornhills as lead plaintiffs. (Doc. No. 11.) The Thornhills ask to be appointed as lead plaintiffs because they have lost approximately $309,115.36, which the Thornhills believe is the largest financial loss related to transactions of Defendant Erasca, Inc.'s common stock. (Doc. No. 11-1 at 2.) The Thornhills additionally contend that they satisfy Rule 23's typicality and adequacy

requirements "because their claims are typical of all members of the class and because they will fairly and adequately represent the class." (*Id.* at 2–3.)

On the same day, Younglove filed a competing motion to be appointed as lead plaintiff based on his financial loss of $22,848. (Doc. No 12-1 at 1.) However, Younglove subsequently filed a non-opposition to the Thornhills' motion because he "appears to lack the largest financial interest of the lead plaintiff movants." (Doc. No. 19.) He notes that he is "ready, willing, and able to serve as lead plaintiff" if the Thornhills are unable to serve as lead plaintiffs. (*Id.*)

**1. Procedural Requirements**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(I), a plaintiff must cause a notice of the lawsuit to be published that notifies members of the class about the action, the asserted claims, and the purported class period. The notice must also notify class members that they may move to serve as lead plaintiff within 60 days of the publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Cheng initiated this action on June 10, 2026. (Doc. No. 1.) On the same day, Cheng's counsel Block & Leviton LLP caused a notice of the lawsuit to be published in the Globe Newswire. (Doc. No. 11-3.) The notice explained the suit's allegations. (*Id.*) The notice also informed class members that they may seek appointment as lead plaintiff by filing an appropriate motion no later than August 10, 2026. (*Id.*)[1]

Under these circumstances, Cheng complied with 15 U.S.C. § 78u-4(a)(3)(A)(i)'s notice requirements. The Thornhills and Younglove also complied with the August 10, 2026 motion deadline. (Doc. Nos. 11; 12.) The Court accordingly finds that the PSLRA's procedural requirements are satisfied.

---

[1] Sunday, August 9, 2026, is the date 60 days after June 10, 2026. Because this date falls on the weekend, the deadline rolls forward to the next day that is not a weekend of legal holiday: Monday, August 10, 2026. Fed. R. Civ. P. 6(a)(1)(C).

### 2. Financial Interest

District courts consider the *Olsten-Lax* factors to assess which movants have the largest financial interest in a securities class action: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (citing *Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). The approximate losses suffered are the "most determinative in identifying the plaintiff with the largest financial loss." *Richardson v. TVIA, Inc.*, No. C-06-06304-RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citations omitted).

The Thornhills indicate that they have the largest financial interest—approximately $309,115.36—in this action. (Doc. No. 11-1 at 7.) No other party has come forward with a larger financial interest. (*See, e.g.*, Doc. No. 12-1 at 2 (identifying a loss of $22,848).) Upon learning of the Thornhills' larger financial interest, Younglove does not oppose the Thornhills' appointment as lead plaintiffs. (Doc. No. 19.)

The Court thus finds that the Thornhills have the largest financial stake in this controversy.

### 3. Rule 23 Requirements

Pursuant to Rule 23(a), a representative party may sue on behalf of all members of a class only if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

"The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—effectively limit the class claims to those fairly encompassed by the named plaintiffs' claims." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (citation

omitted; cleaned up). In appointing a lead plaintiff in a PSLRA action, courts focus on the typicality and adequacy requirements. *Cavanaugh*, 306 F.3d at 730.

Typicality requires that courts consider "whether other members [of the class] have the same or similar injury [as the lead plaintiff], whether the action is based on conduct which is not unique to the [lead plaintiff], and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon*, 976 F.2d at 508 (citation omitted).

The Thornhills contend that their claims are typical of the other class members' because they "purchased Erasca stock during the Class Period at allegedly inflated prices and suffered damages when Defendants' alleged misconduct came to light." (Doc. No. 11-1 at 8.) Courts have found this sufficient to establish typicality under Rule 23(a). *See, e.g.*, *Foster v. Maxwell Techs., Inc.*, No. 13-cv-00580-BEN-RBB, 2013 WL 5780424, at *5 (S.D. Cal. Oct. 24, 2013).

Adequacy requires that courts consider whether a lead plaintiff has any "conflicts of interest with other class members" and whether counsel and the lead plaintiff will "prosecute the action vigorously on behalf of the class[.]" *In re Mersho*, 6 F.4th 891, 899–900 (9th Cir. 2021) (quotation omitted).

There is no evidence that the Thornhills have any conflict of interest with the other members of the class. The Thornhills indicate that they are not aware of any conflicts of interest. (Doc. No. 11-1 at 8.) Younglove's non-opposition to the Thornhills' motion also indicates that the class members are not aware of any conflicts of interest. (*See* Doc. No. 12.) Furthermore, the Thornhills have both declared that they did not purchase their shares in Erasca, Inc. at their counsel's direction or to participate in a lawsuit. (Doc. No. 11-4 at 2, 4.)

* * *

In light of the foregoing, the Court finds that the Thornhills are the "presumptively most adequate plaintiff[s]." *Cavanaugh*, 306 F.3d at 729–30. No party has offered any evidence to rebut this presumption. The Court accordingly **GRANTS** the Thornhills' motion to be appointed lead plaintiffs. (Doc. No. 11.)

### B. Motion to Appoint Lead Counsel

"[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009).

The Thornhills are represented by Block & Leviton LLP and seek the Court's approval of Block & Leviton LLP as Lead Counsel. (Doc. No. 11-1 at 8–10.) In support of their request, the Thornhills have submitted a copy of the firm's resume. (Doc. No. 11-7). Based on the Court's review of Block & Leviton LLP's resume, the Court is satisfied the Thornhills' selection of Block & Leviton LLP as lead counsel is appropriate. The Court accordingly **GRANTS** the Thornhills' request for the Court to approve Block & Leviton LLP as lead counsel. (Doc. No. 11-1 at 8–10.)

## IV. CONCLUSION

For the foregoing reasons, the Motion of William and Maria Thornhill for Appointment as Lead Plaintiffs and Approval of Lead Counsel is **GRANTED**. (Doc. No. 11.) The Motion of David Younglove for Appointment as Lead Plaintiff and Approval of his Choice of Lead Counsel is **DENIED** as moot. (Doc. No. 12.)

It is further **ORDERED** that all filings in this action shall bear the following caption:

| | |
|---|---|
| IN RE ERASCA, INC. CLASS ACTION SECURITIES LITIGATION | Case No.: 26-cv-03481-AJB-JLB |

On or before **November 3, 2026**, the Thornhills must file an amended complaint.

**IT IS SO ORDERED**.

Dated: October 20, 2026

Hon. Anthony J. Battaglia
United States District Judge